**UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MIGUEL DURAN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 07-3589 (RMB) |
| v. | : | |
| | : | |
| WARDEN GARY MERLINE et al., | : | |
| | : | **MEMORANDUM ORDER** |
| Defendants. | : | |

This matter comes before the Court upon submission of Defendants' letter, Docket Entry No. 277, informing the Court that Plaintiff's current place of confinement, Atlantic County Justice Facility ("ACJF") is in receipt of Plaintiff's submission purporting to operate as Plaintiff's opposition to Defendants' motions for summary judgment, see Docket Entries No. 266 and 267, and it appearing that:

1. On October 25, 2010, Plaintiff submitted an application to file an over-length opposition to the pending summary judgment motions. See Docket Entry No. 271.

2. On October 28, 2010, this Court, being mindful of Plaintiff's status as a pro se litigant, granted Plaintiff's request by extending the page limit to **sixty pages**. See Docket Entry No. 272.

3. In response to the Court's order allowing Plaintiff to file a brief consisting of sixty pages, Plaintiff has apparently

      delivered to the ACJF officials a submission consisting of 2,000 to 2,500 pages, 234 pages of which comprise Plaintiff's opposition brief.  See Docket Entry No. 277.

4.    Plaintiff's submission fails to comply with this Court's order, Docket Entry No. 272.  Moreover, the sheer volume of Plaintiff's submission, read in light of Plaintiff's demand to the ACJF officials to produce four copies of the same (totaling 8,000 to 10,000 pages), presents a litigation practice that this Court will not tolerate.

5.    The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process[1] and

---

[1] The term "abuse of process" implies a litigant's improper use or perversion of legal process through actions undertaken for the purpose other than that intended by the law to effect, see, e.g., Bd. of Educ. v. Farmingdale Classroom Teachers Ass'n, Local 1889, 38 N.Y.2d 397 (N.Y. 1975); Wesko v. G. E. M., Inc., 272 Md. 192 (1974); see also David K. Godschalk, Protected Petitioning or Unlawful Retaliation?, 27 Pepp. L. Rev. 477 (2000) (discussing the Statute of Marlbridge, which incorporated the first provision in English law permitting penalties for an action instituted in abuse of process); the concept of "abuse of process" differs from that of "malicious prosecution" in resting upon an improper use of regularly issued process, rather than upon a wrongful issuance of process. See, e.g., John W. Wade, On Frivolous Litigation: A Study of Tort Liability and Procedural Sanctions, 14 Hofstra L. Rev. 433, 451 (1986); see also Rudnicki v. McCormack, 210 F. Supp. 905, 910 (D.R.I. 1962) (tracing the history of bar on abuse of process from the issuance of Earl of Bath v. Sherwin, 4 Brown's Parl. Cas. 373 (1709), to "more recent times, [when] this power was affirmed, and perhaps extended, in England by the Vexatious Actions Act, 59 & 60 Vict. c. 51, which authorized the High Court to enjoin the bringing of further actions by 'any person (who) has habitually and persistently instituted vexatious

without unduly testing of the resolve or common sense of the judiciary.  Cf. Thornton v. Micrografx, 878 F. Supp. 931, 938 (N.D. Tex. 1995) ("The court refuses to leave its common sense at the courthouse steps").

If confronted by repetitive, abusive litigants, the judiciary takes measures to prevent recreational litigation.[2] Indeed, it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting abusive filing by a litigant whose manifold submissions aim to subject either his/her adversaries to unwarranted harassment or raise concern for maintaining order in the court's dockets. The Court of Appeals for the Third Circuit guided that, [i]n appropriate circumstances, courts have gone beyond prohibitions against relitigation and enjoined persons from filing any further claims of any sort without the permission of the court. In Rudnicki v. McCormack, 210 F. Supp. 905 (D. Mass. 1962), the court entered such an injunction after it found that, in the absence of a court-ordered proscription, a plaintiff who had "repeatedly filed groundless actions" against various state and federal officers will continue to institute groundless and purely vexatious litigation both against these defendants and against other judges and public officials, the effect of which will be to cause further harassment of these officials, further expense to the governments which they represent, and further

---

legal proceedings without any reasonable ground") (quotations and citation omitted).

[2] A "recreational litigant" is the "one who engages in litigation as sport and files numerous [submissions] with little regard for substantive law or court rules." Jones v. Warden of the Stateville Correctional Ctr., 918 F. Supp. 1142, 1153 (N.D. Ill. 1995) (noting that, "[w]hen confronted with [a] recreational plaintiff, courts, to protect themselves and other litigants, have enjoined the filing . . . without leave of court" and citing In re Winslow, 17 F.3d 314 (10th Cir. 1994); In re Burnley, 988 F.2d 1 (4th Cir. 1992); and Mayfield v. Collins, 918 F.2d 560 (5th Cir. 1990)).

>           burden upon the offices of the clerks of the courts
>           in which such proceedings are initiated.

In re Telfair, ___ F. Supp. 2d ___ , 2010 U.S. Dist. LEXIS 110681, at *129-33 & nn.38 and 39 (D.N.J. Oct. 15, 2010)(quoting In re Oliver, 682 F.2d 443, 445 (3d 1982); internal citations and quotation marks omitted).

The Court, therefore, warns Plaintiff that his practices of non-compliance with this Court's directives will result in an order of preclusion and/or other sanctions, if appropriate. See id. at *134-44 ("Simply put, this Court, in exercise of its supervisory discretion, finds it necessary to enter a limited order of preclusion that helps [plaintiff] to: (a) avoid repetitious filings, (b) carefully and thoughtfully select his claim; and (c) reduce these claims to clear and concise statements free from needless commentary that reduces the value of his submissions) (citing Llarena v. Kinkos, 05-3410 (JBS), Docket Entry No. 2, a standing Order issued by Honorable John W. Bissell, then Chief Judge of this District, upon taking notice of abusive litigation practices displayed by a pro se plaintiff in a civil matter presided by Honorable Jerome B. Simandle; the Order directed the plaintiff to show cause as to why the plaintiff should not be barred from filing any document without leave of court and, in addition, mandating the Clerk not to accept any document of *any*

kind from the plaintiff except for the plaintiff's response to Judge Bissell's Order).

IT IS ON THIS **12th** day of **November 2010**,

**ORDERED** that Defendants shall obtain and preserve for the record, in the event Plaintiff's future non-compliance with this Court's directives warrants sanctions, **one copy** of Plaintiff's submission to the Atlantic County Justice Facility (purporting to operate as Plaintiff's opposition to Defendants' motions for summary judgment), without forwarding that copy to the Court and without filing the same electronically; and

IT IS FURTHER **ORDERED** that, within fifteen days from the date of entry of this Order, Defendants shall obtain and electronically file a sworn affidavit of a duly authorized official of the Atlantic County Justice Facility specifying: (a) the exact page amount of Plaintiff's submission purporting to operate as Plaintiff's opposition to Defendants' motions for summary judgment; and (b) the exact amount of pages in Plaintiff's "brief" incorporated in the aforesaid submission;[3] and

---

[3] In light of Plaintiff's request to the Atlantic County Justice Facility to produce four copies of his submission purporting to operate as Plaintiff's opposition to Defendants' motions for summary judgment, Plaintiff is deemed to have consented to the Atlantic County Justice Facility's counting of the number of pages in his submission since any process of copying that submission would automatically reveal this number of pages.

IT IS FURTHER **ORDERED** that Defendants shall serve a copy of the aforesaid affidavit on Plaintiff; and

IT IS FURTHER **ORDERED** that Plaintiff's submission made to the Atlantic County Justice Facility (purporting to operate as Plaintiff's opposition to Defendants' motions for summary judgment) shall be deemed withdrawn for failure to comply with this Court's order directing Plaintiff's filing of an opposing brief not exceeding sixty pages; and

IT IS FURTHER **ORDERED** that Plaintiff's time to file an opposition to Defendants' motions for summary judgment is extended; such opposition – **not exceeding sixty pages** – shall be filed within thirty days from the date of this Order; and

IT IS FURTHER **ORDERED** that **no exhibits** shall be attached to Plaintiff's brief.  Plaintiff, in his brief, may make clear and concise references to documentary exhibits he finds relevant, provided that Plaintiff accompanies such references with equally clear and concise explanations as to why such exhibits are relevant and what the content of each such referred exhibit establishes.  In the event the Court needs any exhibits in the record, that are not otherwise available to it, the Court will direct Defendants and/or Plaintiff accordingly; and

IT IS FURTHER **ORDERED** that, in the event Plaintiff fails to timely submit his opposition to Defendants' motions for summary judgment or submits an opposition exceeding sixty pages or

6

incorporating any exhibits, the Clerk shall docket Plaintiff's submission, accompanying such docket entry with a notation, reading **"THIS ENTRY IS DEEMED STRICKEN FROM THE DOCKET DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THE COURT'S ORDER, DOCKET ENTRY NO. 272. THE CONTENT OF THIS SUBMISSION WILL NOT BE CONSIDERED BY THE COURT AND PLAINTIFF'S OPPORTUNITY TO SUBMIT AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS DEEMED WAIVED"**; and

IT IS FINALLY **ORDERED** that the Clerk shall serve this Memorandum Order upon Defendants by means of electronic delivery and upon Plaintiff by first class mail and certified mail, return receipt requested.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**