United States District Court
For The District of New Jersey
Camden Vicinage

RECEIVED

DEC 20 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Miguel Duran Plaintiff Pro-se IL
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing NJ. 08330

Miguel Duran
                Plaintiff

        vs

Warden Gary Merline Captain
James D. Murphy. Principal Clerk
Yvonne Wickman  Case worker
John Soloy and Atlantic County Justice
Facility
                Defendants

        vs

CFG Health System LLC and Aramark
Correctional Service. LLC.
                Third Party Defendants

Civil Action No. 1.07-CV-2589(RmB)
Civil action

Plaintiff Answer To Defendant's
Motion For Summary Judgement
Against Aramark Correctional Service.

Plaintiff Miguel Duran hereby answer the motion For Summary
Judgement of Defendants Aramark Correctional Service  In support of this
answer Plaintiff Incorporates the attached memorandum of Law.

    where fore Plaintiff Respectfully  Request Defendant motion For Summary
Judgement to be denied.

Dated December 9, 2010

                        Respectfully Submitted

                        Miguel Duran Pro Se

United States District Court
For the District of New Jersey
Camden Vicinage

Miguel Duran Plaintiff Pro-se
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing NJ, 08330
Plaintiff Pro-se

---

Miguel Duran
    Plaintiff

    vs

Warden Gary Merline Captain
James D. Murphy, Principal Clerk
Yvonne Hickman, Case Worker John Silag
and Atlantic County Justice Facility

    and

Warden Gary Merline Captain James D. Murphy
Principal Clerk Yvonne Hickman, Case Worker
John Silag and Atlantic County Justice Facility

    vs.

CFG Health System LLC and Aramark
Correctional Services LLC.
    Third parties Defendant

Civil Action No 1:07-cv-3589
Civil Action

Order Granting Brief of opposition of
Summary Judgement To Plaintiff
Miguel Duran Pro-se.

---

This matter having been brought before the Court on motion of Plaintiff
Miguel Duran Plaintiff Prose For an order of Granting the brief of
opposition of Summary Judgement

The Court having duly Considered the non moving party papers submitted
any opposition, and For other good Cause Shown.

It is on this _____ day of _____ 2010's

ordered that plaintiff brief of opposition of Summary Judgement
is Granted.

It is further ordered that all claim against Defendant Avermark
Correctional Service LLd are hereby Granted.

_____
Honorable Leene M. Bumb U.S D.J.

The within Notice of motion was:

☐ unopposed

☐ opposed

UNITED STATES DISTRICT COURT
For The DISTRICT OF NEW JERSEY
Camden Vicinage

Miguel Duran Plaintiff Pro-se
Atlantic Counties Justice Facility
5060 Atlantic Clue.
Mays Landing NJ 08330

---

MIGUEL Duran
          Plaintiff

                                        Civil Action No.:1:07-cv-3589 (RMB)
                                        Civil Action

vs.

Warden Gary Merline, CAPTAIN
James D. Murphy, PRINCIPAL clerk           Brief OF OPPOSITION OF MOTION FOR
Yvonne Hickman, Case worker John           Summary Judgement
Solog and Atlantic County Justice
Facility
          Defendants.

     vs.

CFG Health Systems, LLC and
Aramark Correctional Services, LLC.
          Third party Defendant's

---

To: All Defense Counsel's

# Table of Contents

STATEMENT of Undisputed material Facts _____ Pg 2

Legal Argument _____ Pg 8

A   Summary Judgement Standard _____ Pg 8

B   Aramark Correctional Service may be held liable if They
had Personal Involvement In the operation of The Food
Service were aware of Such Condition and had Ccutal
Knowledge _____ Pg 9

C.   Aramark Correctional Service has Violated Plaintiff's
Eighth Amendment Right of The U.S.C.A _____ Pg 11

D.   Plaintiffs Claims That Aramark Correctional Service LLC
Violated Plaintiff Fifth Amendment Right of The
U.S.CA   _____ Pg 23

E.   Aramark Correctional Service LLC Violated Plaintiff Fourteenth
Amendmen of The U.S.CA _____ Pg 25

Conclusion _____ Pg 32

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff Admit The Fact
2. Plaintiff Admit The Fact In Part Plaintiff did raised In his original Claim that he was not Provided with Adequate Food Service.
3. Plaintiff Admit The Fact
4. Plaintiff Admit The Fact
5. Plaintiff Admit The Fact
6. Plaintiff Admit The Fact
7. Plaintiff Admit The Fact
8. Plaintiff Admit The Fact
9. Plaintiff Admit The Fact In Part. Plaintiff In addition stated That trays was turned back To the Kitchen because the trays was not being Completed. Plaintiff Also stated about the trays being dirty, milk being Spoil, eggs being Spoil, Same Food being Served repostly Left over Food being Served, Spoil Salad. Review Aramark Summary Judgement Exhibit E Pg 164-172.

   Also Review Plaintiff brief of opposition Summary Judgement Against [ACJF] See Attach Declarations of detainees statements. In addition Plaintiff stated That he was Poision with The Food Service Provided by Aramark. See Aramark Summary Judgement Exhibit E Pg 173-176.

10. The event Surroundings This paragraph are in dispute Plaintiff discovered That the warden had not been Given Permission From the State
11. Plaintiff Admit The Fact
12. Plaintiff Admit The Fact
13. Plaintiff Admit The Fact In Part Plaintiff he is not Foreshure if Aramark was Provided with All Plaintiff Medical Records it seems Like not.
14. The event Surrounding his Paragraph are indispute. Plaintiff claims That Aramark Counsel does not disclose. The Following Sick calls.

    January 6, 2007  "I have a very Serious Fever For two days and I have Symptom's dyna Vomitting I need to see The doctor

    April 4, 2008   "I have my Stomach Swollen I need Something to Clean My Stomach

2

May 9. 2008   I need some antibotic For infection My through I also
have Pain in my stomack and I have Bal

July 10 2008   I have bad dingister and a Big Pain in middle of
stomack and chest I Think Is giostritis my stomack
is swollon.

July 13 2008   Please I had Pain and Burns in my stomack I
haven't used The bathroom For 3day Please I need
Something To cloan my stomack

Review ACJF Discovery Pg 11. 22. 6. 515. 512. 378. 390.

15. Plaintiff Admit the Fact In Part Defense Counsel is only
Providing Some of The Sickcalls and not all of the Sickcalls

16. Plaintiff Admit The Fact In Part Defence Counsel is only
Providing Some of The Sickcalls and not All of The sickcalk
and Is not Providing All Interdisciplnary Progress Notes For The dates
In which Several other Issues took Place.

Review [ACJF] Discovery Pg 544. 535.

17. Plaintiff Admit The Fact.

18. Plaintiff Admit The Fact.

19. Plaintiff Admit the Fact.

20. Plaintiff Admit the Fact.

21. Plaintiff Admit The Fact In Part Plaintiff and other detainees were all Seen
In General and the nurse [RN] Sandra Ramlane [LPN] Stated That all detainees
Including Plaintiff had been Poison with Coli Poison. Officer George Habert
witness Such Encident and also file a Report. with all detainees
Poison. See Aramark Summary Judgement Exhibit E Pg 175, 176, 177, 178.
179.

22. The event Surroundings this paragraph Are in dispute AramarK summary Judgement Exhibit E pg 182 ¿9 A. we all was discussed

23. The event Surrounding this paragraph Are in dispute plaintiff stated that the food was spoil because it smelled spoil and it taste spoil.

24. Plaintiff Admit the Facts.

25. Plaintiff Admit the Facts.

26. Plaintiff Admit the Facts In part there was a Report made by a Correctional staff C.O. George Hebert. ACJF defense Counsel Stated that they didn't have it according to C.O. George Hebert he made the report and the Report was handed in. the Administration took Care of Such Investigation

27. Plaintiff Admit the Facts

28. The event Surroundings this paragraph Are in dispute there was a Report done. By officer George Hebert.

29. The event Surroundings this paragraph Are in dispute there was a Report done by officer George Hebert.

30. Plaintiff Admit the Fact.

31. Plaintiff Admit the Fact.

32. Plaintiff Admit the Fact.

33. Plaintiff Admit the Fact In part, Plaintiff Claims that water doesnot have Calories. If the Food is expanded, Stretch, diluted, with water Common Sense will lead to figure that the Food has less Calories

34. Plaintiff Admit the Fact In part, Plaintiff Claims that there is Food that Could Affect the Liver. Plaintiff should of been place in Diet Food Service.

25. Plaintiff Admit The Fact

36. The event Surroundings This Paragraph Are in dispute. Plaintiff did File Grievances See [ACJF] Discovery Pg 577, 378, 590, 389, 81. Aramark Summary Judgment Exhibit E at 187:25 to 188:18 does not Say Plaintiff did not File Grievances See Pg 187.15 A well I been Filing Grievances For This

37. Plaintiff Admit The Fact.

38. Plaintiff Admit The Fact

39. Plaintiff Admit The Fact. In Part trays or handle by detainees and not officers

40. Plaintiff Admit The Fact in Part

41. Plaintiff Admit The Fact.

42. The event Surrounding This Paragraph Are in dispute See Plaintiff Brief of opposition of Summary Judgement  Attach Declarations and statements.

43. Plaintiff Admit The Fact.

44. Plaintiff Admit The Fact.

45. Plaintiff Admit The Fact.

46. Plaintiff Admit The Fact.

47. Plaintiff Admit The Fact.

48. Plaintiff Admit The Fact

49. Plaintiff Admit The Fact

50. Plaintiff Admit The Fact.

51. Plaintiff Admit The Fact.

52. The event Surrounding This Paragraph Are in dispute See Plaintiff Brief of Opposition of Summary Judgement over 10 declarations of detainees

53. The event Surrounding This Paragraph Are in dispute See Plaintiff Brief of Opposition of Summary Judgment over 10 declarations of detainees

54. The event Surrounding This Paragraph Are in dispute See Plaintiff Brief of Opposition of Summary Judgement over 10 declarations of detainees

55. Plaintiff Admit The Fact. In part No Run of This Inspections of Aramco Report was disclose to the plaintiff This is to be False Aramco does not or have not made no Inspections In [ACJF] Kitchen

5

.56. The event Surroundings This paragraph Are in dispute. U.S Department of Agriculture have not Inspected [ACJF] Kitchen Such Report was not Provided by [ACJF] or Aramark..

57. The event Surroundings This PARAGRAPH Are in dispute Plaintiff has not witness to this matter.

58. The event Surrounding This PARAGRAPH Are in dispute Plaintiff has not witness to This matter.

59. The event Surrounding This PARAGRAPH are in dispute. Tri-County Termite and Pest Control denied given Service See Plaintiff Discovery (P3 700)

60 The event Surrounding This paragraph Are in dispute

61. The event Surrounding This Paragraph Are in dispute

62 The event Surrounding This PARAGRAPH are in dispute See Plaintiff brief of opposition of Summary Judgement Attach Declarations

63. Plaintiff admit The Fact.

64. Plaintiff Can not dispute his Fact

65. Plaintiff Cannot dispute This Fact.

66. Plaintiff Can not dispute This Fact.

67. Plaintiff Can not dispute This Fact.

68. Plaintiff Cannot dispute This Fact at this time

69. Plaintiff Cannot dispute This Fact at this time

70. Plaintiff Cannot dispute This Fact at this time

71. Plaintiff Cannot dispute This Fact at this time

72. Plaintiff Cannot dispute This Fact at this time

73. Plaintiff Cannot dispute This Fact at this time

74. Plaintiff Cannot dispute This Fact at this time

75. Plaintiff Cannot dispute This Fact at this time

76 Plaintiff Admit This Fact But dispute That the milk is Given After due Pass date.

77. The event Surrounding This paragraph are in dispute. Plaintiff Claims That if the milk is rotated Properly and Keep in the Proper temperature Then This would be one way of avoiding Providing Spoil milk.

78. Plaintiff Admit The Fact

79. Plaintiff Admit The Fact

80. The event Surrounding This Paragraph are in dispute. Plaintiff was Provided with In Complete meals. ~~Three~~ Cold meals and Spoil Food.

81. Plaintiff Claims That This event Surrounding This Paragraph are in dispute Food Portion at times are very Small and very Poor

82. Plaintiff Admit The Fact

83. The event Surrounding This paragraph are in dispute The Food are Served by un medically Cleared detainees

84 Plaintiff Admit The Fact In Part The Housing unit are not in Sanitary Conditions

85. The event Surroundings This paragraph are in dispute Trays and Juice Container Comes Consterly dirty Review Plaintiff brief of opposition of Summary Judgement. See attach detainees declaration and statements.

86. The event Surroundings This paragraph are in dispute. Trays and Juice Container are Consterly dirty

87. The event Surroundings This paragraph are in dispute Plaintiff Claims That In 2008 over 172 trays were exchange they had water inside of This trays Where water would accumulate and the water would turn Into rotten water. (ACJF) and naumark have hidden this Reports. But C.O George Hebert Will testify that Such allegations Are Correct.

88. Plaintiff Cannot dispute This at this time

89. Plaintiff Cannot dispute This at this time

90. The event Surroundings This Paragraph are in dispute. Plaintiff and 20 other detainees File a Complaint and it was handle to C.o George Hebert

91. The event Surroundings This paragraph are in dispute There is a Report But it was hidden and Concealed C.o George Hebert will testify of This event. and what he witness

7

92. The event Surrounding This paragraph Are in dispute meals at times Comes Cold Constenly;

93. Plaintiff admit This Fact In Part. at times meals Come Cold.

94. The event Surrounding This paragraph Are in dispute warden Gary Merline Never had state Permission he Stated he did But upon the discovery a Copy of Such Report and Permission was Requested and it was not disclosed.

95. The event Surrounding This paragraph Are in dispute a Cold Sandwich with one cheese, Bologna and Bread, a Fruit and a Juice doesnot meet the nutriestniest meal of a daily base.

96. Plaintiff admit This Fact.

97. The event Surrounding This paragraph are in dispute There was Several Complaints Filed through trial Correctional officers and detainees will testify that there was Complaints and Grievance Filed.

98. The event Surrounding This paragraph Are in dispute Defendant Aramark Correctional Services. LLC Summary Judgment shall be denied as a matter of Law

## Legal Argument.

### A. Summary Judgment Standard

Summary Judgment shall be Granted When all Probative material of Record viewed with all Inferences In Favor of The none moveing Party See United States v. Die Bald Inc 369 US 654 655(1953) Guns v mundy 762 F2d 358. 511 (3rd Cir 1985) Inference in Favor of The non-moveing Party demonstrate that No Geniwine Issues of material Facts exist and That the movant is entitled to Judgement as a matter of Law see Fed R Civ P56 (c) Colotex v Catrett 477 US 317-550(1986).

In Issue is not whether A Plaintiff will ultimetly Prevail but whether a Plaintiff Is Entitled to offer evidence to support his Claim It is not the Credibility of witnesses Cameron v Seitz 38 F.3d 264. 270 (6th cir 1994).

Defendant Motion For Summary Judgement shall be denied

B. Aramark Correctional Service may be held liable if They had Personal Involvement In The operation of The Food Service were aware of Such Conditions. and had Actual Knowledge.

Aramark Correctional Service is a Contracted By Atlantic County. who Operates at Atlantic County Justice Facility. A Jail that is Operating under Atlantic County which is a Subdivision of The state of New Jersey. Clark v Dygna 83 NJ. 393. 400 (1980) 183 NJ. Super 137. 144 (APP DIV 1982) County is a Subdivision of The Government of The state of New Jersey Section 1983 by its own terms Provides redress only when states Employees In Fringes those Right Secured by The Constitution and Laws of The United states See Paul v Davis 424 U.S 693 - 700-01. 96. Sct 155. 1160 (1976) Smith v Spina 477 F.2d 1140. 1143 (3rd Cir 1973).

The Civil Right Act of 1871 Includes 42 USC §1983.

"Every Person who under Color Of Law of any State ordinance regulation Custom or usage or any state or territory Subjects or other Person within Custom or usage or any state or territory Subjects or other Person within The Jurisdiction there of to The Deprivation of any Rights Privilege or Immunities Secured by The Constitution and Law shall be liable To The Party Injured In any action at Law Suit In Equity or other Proceedings

Plaintiff Claims That Aramark Correctional Service. and CFCFY Are responsible to Provide Plaintiff with The Food Service Aramark is a Contracted agency.

Plaintiff claims That Aramark had Personal Involvement In The operation of The Food Service and was aware of Such Conditions. Plaintiff claims That they had Personal Involvement In The allege wrong That they had Knowledge. Personal direction and actual Knowledge and Acquiescience "Rhode v Dellaci Prete 845 F.2d 1195. 1201 (1988). Robinson v City of Pittsburgh 120 F.3d 1286. 1294 (3d Cir 1497).

9

In chinchello v Fenton 805 F.2d 126 (3d cir 1986) The Courts taking
This view however have Found Liability only where there are both 1) Contem-
-Poraneous Knowledge of The offending incident and 2) Circumstance
under which the Supervisors in Action Could be Found to have Communicated
a message of approval to The offending Subordinate. See OR Pinns v Johnson
632 F.2d 1096. 1101 (4th cir 1980) Prison Supervisors Failure to act in term
of Past incidents may amount to deliberate indifference Sims v Adams
537 F.2d 829 (6th cir 1976)

Plaintiff's Claims That Aramark hned Personal Involvement In The
many wrong doing

under Rizzo. The Rizzo Court stated That The City officials Could not be held
liable or Compelled to afford equitable relief For Violations of Constitutional
rights Committed by Subordinate Police officials, unless they had "played
an affirmative role in the deprivation of those rights. Rizzo v
Goode. 423 U.S 268 (1976) Aramark may be held liable If They Participated
in a Pattern of violation Lewis v Hyland 554 F.2d 93, 98 (3d cir)
cert denied 434 u.s 931 (1977).

In Aramark Correctional Service Summary Judgement. Counsel states in
Statement of Material Facts Paragraph 45.

"Pursuant to The Food Service and Food Service Management Contract,
Aramark Correctional Services. LLC Provided Food Service management
To The Atlantic County Justice Facility where Plaintiff Miguel Duran
resides. (see The Food Service and Food management Contract attached
here to as Exhibit L"; see Also The Certification of Aramark
Correctional Services. LLC Food Service Director Joseph Linnell which is attached
hereto as Exhibit K".]

Plaintiff Agree That CFG Health Service, In That a Individual Government
Defendant in A Civil Action Most have Personal involvement in the allege
wrongs, Personal Involvement Can be shown through allegations of
Personal direction of Actual Knowledge and acquiescence Rhode v Dallacipretta
895 F.2d 1195. 1363 (1988).

Defendant's Aramark Correctional Source; Joe Linnell Director of Food Service Cawthin Carey Lon; Employee Rob Lucente; Ken Kelloggi Carl Cavness. Art Westerfield; Pedro Adonkr; Joann Hernandez; Jeremy Sinclam; shawn Burke; Dan Heenan; Are Person who where Employee of Aramark Correctional Service a Contracted agency by Atlantic County Are to be held liable.

Defendant warden Gary Merline was the warden of the time of the Incident warden Gary Merline is a warden of [ACJF] that is under Atlantic County

Plaintiff Claims That Aramark Correctional Service LLC acted deliberate Indifferent To Plaintiff's nutritional and dietary needs Accordingly All of Plaintiff's claims Against Aramark Correctional Service LLC must not be dismissed. as a matter of Law.

## C. Aramark Correctional Service has violated Plaintiff Eighth Amendment Right of the U.S.C.A

Plaintiff has alleged That Aramark Correctional Services. LLC Failed to provide him with nutritious Food during his incarceration. by Providing him with Inadequate Food Service as Spoil Food; Spoil milk. Spoil Salad. Incomplete meals. Small Portions of Food. no taste; watery down Food. diluted Food. due to the large Population of inmates; such Food being diluted. adulterated or watered down to Serve the excessive number of inmates at the[ACJF] by reducing the Cost of the Food being Served to the Population.

Plaintiff has been Tortured by Defendant's Failure to Supply nutritious Food For Consumption at the [ACJF]

N.J.A.C 10A: 31-10.1 Provides that County Correctional Facilities shall Provide Nutrition to detainees and inmates that is Consistent with "nationally recommended Food Allowances as stated by the National Academy of Sciences".

Plaintiff Claims That the Food being Served at [ACJF] fails to meet The nationally recommended Food Allowances as stated by The national Academy of Sciences due to The large Population of Inmates and Food being diluted, adulterated or watered down to Serve The excessive number of Inmates at the [ACJF]. By Reducing The Cost of The Food being Served To The Population.

Aramark has failed to Provide Consistently Perform Such Services. Such as Cleaning, Clean Food, Preparations Facilities diagrams, and cleaning Common Areas of wich Plaintiff and other detainees would Sit and eat there Three meals Per day.

Plaintiff Claims that the Food has result to be Contaminated Food. That has transmitted of illness including E-coli gastrointestinal, Conditions. Plaintiff has Personally been affected by Such Pain discomfort and Contaminated Food.

Plaintiff Claims That the eighth amendment of the USCA Protects him of "Cruel and unusual Punishment" within The Constitution of America.

The treatment a Prisoner receives in Prison and the Conditions of Confinement Are Subject to Serutiny under The Eighth Amendment's Proscriptions against Cruel and unusual Punishment Helling v McKinney 509 U.S. 25.31. (1993)

The Eighth Amendment is Violated when there is a denial of basis human needs Such as Food, clothing, shelter, medical care and reasonable safety. Helling 509 at 32.

An Inmate is entitled to a healthy, habitable environment That Includes "Providing nutritionally adequate food that is prepared and Served under Conditions which do not Present an immediate danger to the health and well being of the inmates who Consume it. "French v Owens 777 F.2d 1250, 1255 7th Cir, 1985)

Plaintiff Claims That he was deprived of "basic Human need." Such as shelter, Food, exercise, clothing, Sanitation and hygiene, Such denial of Basic Human Need may amount to a eighth amendment of the U.S.C.A violation Rhodes v Chapman 452. U.S 337. 346. (1981)

Plaintiff may Prove his Violation of Eighth Amendment, and may Prove both objective evidence and Subjective evidence Farmer v Brennan 511 U.S 825 (1994): Wilson v Seiter 501 U.S. 294 (1991)

Plaintiff Claims That In 2007 there was 38 Grievances Filed According to Atlantic County Justice Facility Inspection of 2007 Plaintiff claims that many of the Grievance and Complaint File has been Concealed, destroyed or hidden. See Plaintiff brief of opposition of Summary Judgement Attach detainee declarations 3rd statement.

In addition Plaintiff Claims that In 2008 approximatly August or September, a Complaint was Filed and handed to Correctional officer George Hebert who does not denied the Incident That took Place where 20 to 30 detainee Including he Plaintiff was Poisioned with E-coli. Broken water Failing into of the Food. where 172 trays was to be Found with wholes inside of them. Plaintiff and detainee were Poisioned.

Plaintiff Claims That Defense Counsel James T Dugan, and Aramark Correctional Facilites Counsel denies this ever happening the Fact is that There is over 10 detainee Stateing that Spoil Food is Constanly Given to ACTF Population See Plaintiff brief of opposition of Summary Judgement Attach detainee declaration and statements

According to ACTF Discovery Pg 11. 22.6, 575 572. Reflects Sickents for Plaintiff Suffering of spoil Food, and Inadequate Food Service.

13

Plaintiff Claims That Prison are Required to Serve Food that is nutritious and Prepared under Clean Conditions Robles v Coughlin 725 F.2d 12 (2d Cir 1983)

Plaintiff Claims That For the 21 month he was detained at Atlantic County Justice Facility he was Provided with Inadequate Food Service Food being Cold. Review ACJF Discovery PG 378 Food being diluted Review PG 340

Plaintiff Claims That This Inadequate Food Service Caused Bad indigestion Review (ACTF) discovery PG 544. Plaintiff having Problem with bowel movements. Plaintiff was Provided with Pepto Bismol PG 533.

Plaintiff Claims That 21month of Such Condition the Court Should Review such matter Barney v Adsipher 143 F.3d 1299, 1311 (10th Cir 1998) Plaintiff Claims that he did Suffered Physically and Psychological and that Providing Spoil Food. and Inadequate Food may have Caused Risk, and injury in the future Helling v Mckinney 509 US 25(1993)

Plaintiff Claims That The Inadequate Food Service Forces the detainees who have money to Purchase Food At the [ACJF] Food distributer Keefe Commissary, who has a Contract with Atlantic County, as Part of the deal of the Contract is That out of All Purchase and ever Purchase detainees make with Keefe Commissary. Atlantic County Recieves a 40% Persent out of Each Purchase Per detainees

Plaintiff Claims That the Food Product in Keefe Commissary are 20 to 30 times over the Price of That value of That Item. and This Is the reason of why detainees Are Provided Inadequate Food Service

[ACJF] warden Gary Merline was notified of the Inadequate Food Service See [ACJF] discovery PG 377, 389, 81.

Plaintiff Claims that The Inadequate Food Source is Purposly done. with The Intention to Force The detainee to Purchase Food in Keefe Commissary Providing Spoil. Food Constently. small Portion of Food, diluted. Food, Cold Food, adulterated watery down Food to Serve the excessive number of Inmates at The [ACJF] is not Negligence., and there Conduct is deliberate. Aramark has Fail in deliberate indifference to Plaintiff nutritional and dietary needs

Plaintiff claims that Common Sense will determine that Adulterated watery down Food would bring down the 3.200 calories of Food Per meal.

Plaintiff claims That he Requested a Copy of The State Permission that according to Warden Gary Merline was given Per the State. This Permission was never disclose because The State Never gave Defendant Gary Merline Permission to Serve Three Cold meals Per day For 45 days.

Plaintiff Claims That. according TO NJAC 10A:31 - 10.5(a) entitled Serving of meals Provides Specifically as Follows : Three meals shall be Provided at regular meal times during each 24 hour Period. Two of the meals Provided shall be hot meals unless an emergency situation Precludes the Serving of hot meals. No more then 14 hours shall elapse between the evening and break Fast meals.

Plaintiff claims that Providing For 45 days. Three meals Per day Bread. Cheese. Bologna. a Fruit and a Juice would Cause In Action. and would Cause health Problem. But also would Enforce detainees to buy /Purchase at Keefee Commissary

Aramark Counsel Claims That there is nothing in the Plaintiff medical Records That disclose Plaintiff Complianing of Bowel movements Please Review. [ACJF] Discovery #544. Plaintiff Discovery PG 3081

15

Plaintiff do admit That There is evidence Missing That [DCJF]
Defense Counsel James T Dugan. and Aramark Counsel Refused to
disclose and denied that this evidence exist or that the incident
took Place.

Plaintiff claims That Through the testimony of witnesses. Correctional
officer and detainee is will reveal that this incident took Place. and
That Defense Counsel Maliciously hid the Evidence.

Plaintiff has demonstrated that a violation of his Eighth Amendmendnet
right have Eccoured. a deprivation of Humane Conditions of Confinement
"Objectively Sufficiently Serious enough to Pose a Substantial risk of harm
Coupled with "deliberate indifference" to same on the Part of Aramark
Correctional Services. LLC.

Plaintiff claims That under Gary Merline Fail to Supervised and to
Protect Plaintiff From the Food Service Being So Inadequate.
According to NJAC 10A: 31-10.1 Provides That Countys Correctional
Facility shall Provide nutrition to Detainee and Inmate is Consistent
with nationally of Services.

Plaintiff Claims That The Food Service is made by detainee who
Are not medically Clear or without The Supervision of [DCJF] Staff
Plaintiff Claims That Aramark is Responsible as well as [DCJF]
Plaintiff holds both Defendant's Responsible

Plaintiff Claims that It is the facility Employees and warden to reinssure and Inspect Food Service and equipment on Approximitly July or August 2008 when Trays had wholes Inside of Them and spoil water was Falling on top of the Food It was The Facility Responsibility To Inspect This trays. That It was Atlantic County Justice facility Responsibility To Inspect This trays According To the weekly Kitchen Inspection Report. Done by

    (A) Srgnt K. Marks
    (B) Srgnt D Cohen
    (C) Srgnt D. Kelsey.
    (D) Aramark Employee Joe Linnell.

Failed to Properly Inspections.

According to N.J. A.C 10A:31-10.9. Inspection of Food Service Areas And equipment.

    (a) A weekly inspection of All Food Service Areas and equipment shall be Conducted by Administrative or dietary Personnell

    (b) A daily check of refrigerator and water temperatures by Administrative or dietary Personnel shall be made.

    (c) written documentation that Food Service Facilities and

equipment meet established Safety and protection standards and requirments shall be available For review

Plaintiff Claims that the 172 trays with whole Insides of them with roten water was continueyes happening Since This Employees Failed to Properly Inspect.

Plaintiff Also claims that the detainee who served The Food In the Pods. Are detainee who Are not approved or Assign by the Administration or Aramark to handle Food. That they had handle the Food with out any Supervision. According to N.J.A.C 10A:31-10.8 Personal hygiene of Food Service Personnel.

(a) All Food Service Personnel shall maintain high standards OF Personal hygiene and Comply with Federal, state and local laws and Regulations For Food handlers.

(b) All Food handlers shall wash their hands upon Reporting

Plaintiff Claims that Aramark has Failed to Provide Proper nutritionest Food. Plaintiff Claims that portion of Food was missing and many times detainee would Protest and The officer would not tray the Food being Inadequate. and detainee would be transfer to other Pods or Segregation. Plaintiff Claims that In 2007 (98) Grievances was Filed For Inadequate of Food Service.

Plantiff Claims that the Population Class Served with In Complete Meals. and dirty trays and dirty Container Plantiff Claims that It Is Aramark obligation and duty to Inspect the Cleaniness. and Sanitation of this Food Service.

Aramark Contract Requirements are As Follow;

a) A Supervisor Continously observed the tray line at the end Point of Assembly or Service Portions are Continously Checked throughout Service For accurracy Trays are Checked For Missing items and Completeness of each Meal Each Meal is neatly Presented and Free of Spills drippage.

B) Leftovers are Served First if Utilized at a meal These should be noted as initially brought to the line on the Prediction sheet For the Service Area.

Plantiff Claims that left overs and mme was Spoiled But it was steel served that Next day left over at times would be served.

C) Verification of workers who are ill or who have open wombs Is Provided on the Health Screening Section of the Production Sheet These workers do not Process or Serve Food.

D) All workers wash hands wear hair restraints wear beard restraints wear and Plastic Gloves when handling Preparing or Serving Food Caution is used to avoid across Contamination when wearing Plastic Gloves.

Plaintiff Claims That Inmates who Served the Food In The Pods does not Follow this Requirement or does insamarks or The Facility Enforce This Requirement Jepordizing The Health and will being of the Population. Plaintiff Claims That The Inmates Who Served the Food or not Assign or any Health Evaluation Are done to determined that this detainee Can and may Served the Food.

E) Conveyors steam tables and Serve Areas are in Good repair and clean.

According To N.J. AC 10: A:31-10.5. Provides in Part. that "a sanitary space shall be Provided For Group Dining.

Plaintiff Claims That the Dining Area at times Are Clean by Assign detainee but voluntary detainees

[24]

Plaintiff Claims that the Facility doesnot assign or designate detainees to clean the tables and chairs and eating area. Plaintiff claims that the tables were Filthy and dirty

According to N.Y.A.C 10 A. 31-11.3 Provides those daily. Sanitation inspection Are to be Made of County Correctional Facilities to ensure Compliances with Applicable Sanitary Standards.

According to N.Y.A.C 10 A.51 10.2. Food Service MANAgment A Staff experanced in Food Service managment shall be designated to be responsible For Food Service managment and operations within the adult Correctional Facility.

Plaintiff claims that the warden. and Aramark Correctional Service have Failed to Provide a clean and sanitize Area to eat. Plaintiff claims that it is warden and Aramark Correctional Service Responsibility to check analysis trays oF which any malfunctions or this Kind or any Kinds

Plaintiff claims that this Defendants Fail to Protect and Fail to Provide a Sanitize clean Suitable Area. To EAT hotmeal. That aramark was aware as well That This Defendants was aware that the Detainees who served the Food should of been assigned by the Administration or Aramark as medically cleared and to supervised to

To Food Service as well.

Plaintiff claims that the Food Service was not appropriate as to Calories and that the Food was Inadequate. That the Knowledge of those Factual disputes must be left to the Province of an Appropriate Fact Finder Despain v Uphoff 264 F.3d 965 (10th 2001) detainee has the right as Constitutional Right to be Free From Condition of Confinement that Is Sure or Very Likely to Cause Illness and needless Suffering

Plaintiff claims that he Suffered Physically Injuries as the Consequences of the Food Service being Inadequated Plaintiff Claims that trays. Juice Container were Constenly dirty. Plaintiff Claims that Atlantic County Justice Facility and Ashmark Correctional Facility Are required to Serve Food that is Nutritious and Prepare under Clean Conditions Robles v Coughlin 725 F.3d 12 (2d Cir 1993).

Plaintiff Claims that Food. Sanitations Fails within Human Basic needs Rohles v Chapmen 452. U.S. 537. 546 (1981)

Plaintiff claims that the Court is required to Considered as true all allegations in the Complaint and all reasonable inference that can be drawn there from Pinker v Roche Holdings Ltd. 292 F.3d 361, 374 n7 (3d cir 2002) Citing Colburn v. Upper Derby Twp 838 F.2d 663, 665-66 (3d cir 1988). Looking at the Facts in the light most Favorable to Duran he must determine whether he Can Prove any set of Facts Consistent with his allegations that would entitle him to Relief Hishon v King & Spalding 467 U.S. 69, 73 (1984) Citing Conley v Gibson 355 U.S. 41, 45-46.

Plaintiff Claims that his Eighth Amendment Claim shall be Granted.

## D. Plaintiff Claims That ARAMARK Correctional Services LLC violated Plaintiff Fifth Amendment Right of The U.S.C.A

Plaintiff Claims That Aramark Correctional Service LLC Claim Fails within the Fifth amendment Right Violation The Fifth amendment has been interpreted as a "Protection of the individual Oagainst Arbitrary action of The Government. has Procedural and substantive Components Lombardi v Whitman 485 F.3d 73, 78 (2d cir 2007) quoting County of Sacramento v Lewis 523 U.S 833, 845, 118 S.ct 1708, 140 L.E. 2d 1043 (1998).

The Substantive Component Protects the individual against "The exercise of Power without any reasonable Justification in the service of a Legitimate governmental objective. Id quoting Lewis 523 U.S. at 846, 118 S.ct 1708.

In order to establish a violation of a Right to Substantive due Process, a Plaintiff must demonstrate that a government action was "So egregious, So outrageous, that it may Fairly be said to shock the Contemporary Conscience". Rena v De Pasco, 482 F.3.d 48, 112 (2d cir 2005) Quoting Lewis 523 U.S at 847, 118 S.ct 1708).

In the prison System Context, "deliberate indifference" is enough to shock
The Conscience because of "The luxury enjoyed by prison officials in haveing
to make unhurried Judgments upon the chance For repeated reflexion." Id at 113.
Quoting Lewis 523 U.S at 851, 118 S.ct 1708.


Plaintiff Claims That There was 28 Grievances Filed, and Plaintiff had
Filed Numerous of Grievances which Grievances and Compliant is away
to show that prison official Knew about Aramark Inadquete Fail Service
See Vance v Peters 97 F. 3d 987 (7their 1996).

Plaintiff Claims that there was more Grievances Filed by Atlantic County
Defence Counsel and Atlantic County Justice Facility has hidden
This Grievances and Compliants See Plaintiff brief of opposition of
Summary Judgement. Attach Declarations and Statements of detainees

Plaintiff Also Claims that Commons Sense would Know that 60 to 65
detainees in a Pod design For 16 detainees would not have enough tables
and chairs For this detainees to sit and eat. That FF The Administration
wouldn't assign a detainee to Clean the Tables and chairs they would
be unHealthy, dirty unsanitary

Plaintiff claims That Aramark Correctional Service is a Contractor by
Atlantic County which is a Subdivision or the State of New Jersey (Section 1983)
Clark v Dogan 53 N.J. 393, 400 (1986) 183 N.J. Super 137, 144 (App Div 1982)
County is a Subdivision of the Government or the State of New Jersey Section
1983 by its own terms Provides redress only when States Employee
Infringes These Right Secured by The Constitution and Laws of The United
States. Paul v Davis 96 S.ct 1155. 1160 (1976). Smith v Spina 477 F.2d
1040. 1143 (3rd Cir 1973).

Plaintiff claims that the Injury and the deliberate indifference came from a Government Subdivision Employee's.

Therefore the Fifth Amendment claim shall be Granted and to Proceed for trial.

E. Aramark Correctional Service LLC Violated Plaintiff Fourteenth Amendment of the U.S.CA

Plaintiff claims that Aramark Correctional Service LLC violated Plaintiff Fourteenth Amendment of the U.S.CA. by failing to Provide adequate Nutrition Food Service.

In Boring v Kozakiewicz 833 F.2d 468 (3rd cir 1987) The Third Circuit recognized that in regard to Providing Pretrial detainees with such basic necessities as Food, Living Space and medical Care, the minimum standard allowed by the due Process clause is the Same as that allowed by the Eighth Amendment For Convicted Prisoners.

The Court should review If the Condition amounted to Punishment See Bell v Wollish 441 U.S. 520 (1979) whether their has been a Violation of Due Process Clause of the Fourteenth Amendment. Hubbard v Taylor 538 F3d 229 231 (3dcir 2008)

Plaintiff claims that not Providing Adequate Food, Clothing, shelter, and medical Care, is A Violation of the 8th and 14th Amendment. The Constitution requires that Prisoners be Provided "reasonably adequate Food Service " Hamm v. DeKalb County 774 F.2d 1567. 1575 (11th cir 1985) See also Farmer 511 U.S. at 832. 114 S.ct 1970.

Plaintiff Fourteenth Amendment Claim is Premised upon his haveing been Served Cold meals during a Forty Five day period 2007 which cause Plaintiff to be Constanly Sick, Problems with Bowels Movement; Plaintiff also claims The Food was Inadequate because it was diluted, watery, Adulterated, No taste. Numerous of Time Food was spoil, But there was a time, Were Plaintiff Suffered from E Coli poison on Approximitly August or September 2008

Plaintiff claims The Portion of The Food was very Limited, Less then the one Required Ry minimum Stemdard. InComplete meals. See Plaintiff brief of opposition of Summary Judgement

Plaintiff claims That Food being Served by a detamee without being Medically Cleared, Tables and chairs and messhall Area being unSanitary Plaintiff claims That they Are Forced to eat in the cells by a toilet or on the Floor because There is only 16 chairs and 4 tables.

Plaintiff claims That Without a Question there is Certain Evidence Missing which it was hidden. and Conceal by Counts Assist Counsel James T. Dugan. Plaintiff claims That through The trial Wittnesses, As Robert shinwer III Inmate, Correctional officer George Hebert, Jamell chin Inmate, detamee who Suffered and Experience The E-coli Situation and The officer Who Wrote The Complaints.

Inaddition Plaintiff claims That Warden Gary Medine didnot Provided Copy of [State Permission] For the Food Service of Three Cold meals, per day For 45 days.

If The Court needs Copy of The Sillcalls, and Dator notes. in order to Prove That Aramark Counsel was not disclosing Full disclosure of evidence Feel Free to Request such Evidence From The Plaintiff.

Aramark Counsel Provides even more Information For This Court to determine The Pattern of Aramark Correctional Facility Providing Cold meals. defficient BreakFast.

Plaintiff claims That according to N.J. AC 10A: 10.5 Provides in Part that two or three. meals Provided shall be hot meals.

Plaintiff claims That Aramark: never Followed N.J. AC 10 A: 31 - 10.3 menus.

a) menu evaluations shall be Conducted and maintained at least Quarterly by the adult County Correctional Facility Food Service Supervising STAFF to Verify adherence to Nationally recommended basic daily Serving.

b) The Signature of a Registered dietician on the menus shall indicates official approval of The Nutritional adequacy of Food Served to Inmates within the Facility

c) ALL Menus including Special diet shall be Planned dated and available For review at least one week in advance

d) In any Case when a Food Substitution is made. The Food That is Substituted shall be of Equal nutritional value and a notation of The Substitution Shall be made on the menu.

e) A File of tested recipes adJusted to PrepAre the Number of Meals Appropriate to the Size of The Facility Should be maintained on the Premises of The Facility.

According to N.J.CA 10A:31.10.7 medical Examination of Food Service Personnel.

according to NJAC 10A: 31-10.1 Provdes that County Correctional Facilities shall Provide nutrition to detainees and inmates that is Consistent with "nationally recommended Food allowances as stated by the National Academy of Sciences

Plaintiff claims That the Food being Served at [DCJF] Fails to meet the Nationally recommended Food Allowances as stated by the national Academy of Science due to The large Population of Inmate and Food being diluted, adulterated or unskred down to Serve The excessive number of Inmates. At the [DCJF] by Reducing The Cost of The food being Served To The Population

Aramark has Failed to Provide Consistently Perform Such Services Such as Cleaning, Clean Food, Pre Parations Facilities dayrooms, and Cleaning Common Areas. of which Plaintiff and other detainees would sit and eat there - three meals For days

Plaintiff Claims That the Food has result to be Contaminated Food That has transmitted of illness including E-Coli, gastrointestinal Conditions. Plaintiff has Personally been Affected by Such Pain discomfort and Contaminated Food. See Plaintiff Brief of opposition of Summary Judgement

An Inmate is Entitled to a healthy habitable environment That Includes "Providing nutritionally Adequate Food that is Prepared and Served under Conditions which do not Present an immediate danger to the health and well being of the Inmate who Consume it French v owens 777 F 2d 1250, 1255 (7th Cir 1985)

Plaintiff claims That Prison Are Required to Serve Food that is nutritious and Prepared under Clean Conditions Robles v Coughlin 725 F 2d 12 (2d Cir 1983)

. . . . Plaintiff Claims That For 21 month of Such Condition no Court should Review Such matter on the Prolong and time of Consenly Spoil Food. Cold meals Inadeqte Food. watery down Food. Defense Cornceel does not Reveal all disavery to This Court. (ACJF) Disovery Pg 378 Food being Inadequate For 45 days. (ACJF) Discovery Pg 390 Food being diluted.

Plaintiff Claims That this Inadequate Food Caused Bowel Indagestin Review (ACJF) discovery Pg 544 Medical Report. Plaintiff haveing Problem with his bowel movements. Plaintiff was Provided with medication Review (ACJF) discovery Pg 533.

Plaintiff Claims That the time Frame of This Conditions does need to be Review Barney v Pulsipher 143 F3d 1299, 1311 (10th Cir 1998) 21 month of This Conditions is a Question of Facts.

Plaintiff Claims That The Spoil and Inadequate Food Service Cause Rish and Injuries Se Helling v McKinney 509 US 25 (1993)

Plaintiff Claims That Such Service of Inadequate Food Services is done Maliciously because it Forces the detainee to Purchase Commissory at Keefe Commisory That has a Contract with The County of Atlantic and That of No Contract Is 40% of each Purchase From each detainee Goes to Atlantic County.

Plaintiff Claims That (ACJF) warden is Also Responsible warden and Defendant Gary Merline Since he was notified of The Inadequate Food Service see (ACJF) discovery Pg 877, 384. sl.

29

Plaintiff claims that the Inadequate Food Service is purposly done with the Intention to force the detainees to Purchose Food in Keefe Commissary. Providing Constenly Spoil Food, Incomplete meals.

Three Cold meals. watery down Food Food have no taste no salt. no Pepper. is not Negligence, the Conduct is deliberate it Inflicts and Inflicted The Plaintiff Aramark has Fail in deliberate Indifference to Plaintiff Health, nutrient. nutritional and dietinary meals

Common Sense will determine that adul tercted watery down Food would bring down the 3.300 Calories of Food Resment, and Lous of Protain. which Plaintiff claims a Body with Low Calories and Protain is Constenly Sick.

Plaintiff Claims That he would be Consterly Sick and would go to the medical clepartment to Ask For vitamons because Plaintiff was always Conterly weak and Sick.

Plaintiff claims that [ACJF] wardens Gary Merline and Aramark Fail to Provide Adequate Food Service that [ACJF] Fail to Properly Inspect the Kitchen. and trays. of which Such trays where Food Are Served has whole In them where rioten water would Fall intop of it. and would Affect Plaintiff and the Population.

Plaintiff is not provided with a A Sanitary Space as Required by N.J.AC 10: A:31-10.5. The Deming Rooms Are unsanitary

Plaintiff Claims that the facility or CREFF and Aramark did not follow or give any menu to the detainees. Plaintiff Claims that Aramark would Served the Food as they though that it would be okay it didn't matter if the Food was nutristimest or not.

Plaintiff is Requesting If the Court finds that there is not enough evidence at this time, to dismiss the Claim with out Prejudice Plaintiff believes that In trial witness will reveal that that Such Inocident took Place and that we were all seen by the medical department staff inside the Pod/unit H-Left.

Plaintiff claims that the Condithions was egregious So atrageous that it Shock the Contemporary See United Artists The Atre Circuit Inc. V Twp of Washington 316 f.3d 392 (3rd C.r 2003)

Liability for Negligently harm is Categorically beneath the threshold of Constitutional due Process Intended to Injury In some way un Justable by Goverenmental Interest "Are those" most Likely to Rise to the Conscience Shockoing level for a similar Cnse Punitive damage was awarded for Violations of Constitutional Rights Hubbard v Taylor 279 f.3d 150, 167 (3d cir 2005)

Plaintiff claims that the 14th amendment Prohibits unnecsary andwantons Infliction of Pain thus for abiding Punishment that is to tally without Penologicial Justification that it results in the gratutes Infliction or Pain always violates Contemporary standard of decency and need not to Produce Serious Injury in order to violate Constitutional Right Hudson v Mc. Million 12 S.ct 995 (992) moreover Physical Injury need not result for the Punishment to state a Cause of Action for the wanton Infliction of psychdugal pain is also Phohibited. Hudson v Mcmillan.

the Question of whether the Pro-se Plaintiff Suffered a Compensable physical mental and emotional Injury is a Question of Fact best left for a Jury to decied See william v waldman 391 NY super 600, 604, 606, (App Div 1976)

Defendant are not Entitle to Quality Immunity Plaintiff Claims that the Defendant actions was reasonable to have Known this his or her Actions were unconstitutional In Light of Inadequate Food Services Clearly establish by law and he Information of official possessed See Anderson v Creighton 483 U.S 635-641, 107 Sct 303 4 (1987)

Plaintiff Claims that Aramark Correctional Services shall be held liable In there official capacity and Individual Capacity. (ACJF) warden Gary Medline shall be held liable In his official and Individual capacity.

Plaintiff brief of opposition of Summary Judgement should be Granted.

## Conclusion

For The mention reasons. It is Respectfully requested that The Court Grant Plaintiff Miguel Duran. Brief of opposition For Summary Judgement

Acted 12/9/10

Respectfully Submitted.

Miguel Duran

I Miguel Duran dully swearin on December 9, 2010 that the above statement is true and Correct.
Dated 12/9/10

32

Affidavit of Service.

I Miguel Duran duly sworn on December 8, 2010 that I am over the age of 18. and that a brief of opposition of Summary Judgment has been filed with United States District Court Camden NJ. and the following parties was served.

Peter S. Cuddihy Esq.
P.o Box 95222
Westmont, New Jersey 08108.

James T Dugan Esq.
Atlantic County Department of Law
1333 Atlantic Ave. 8th Floor
Atlantic City. NJ. 08401

Wendy D. Barish Esq.
Weber Gallagher Simpson
Stapleton Fires & Newby LLP.
2000 Market Street 13th Floor
Philadelphia PA 19103.

I Miguel Duran duly sworn that the above statement is true and correct.
dated 12/9/10

Miguel Duran Pro Se

Tom W. Owens   181107

ATLANTIC COUNTY JUSTICE FACILITY
5060 ATLANTIC AVENUE
MAYS LANDING, NJ 08330

RECEIVED

DEC 2 0 2010

AT 8:30 _____ M
William T. Walsh, Clerk

Honorable Renee Bumb
US District Court
POB 2707
Camden, NJ 08101