NOT FOR PUBLICATION                                      [Docket No. 358]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| MIGUEL DURAN,<br><br>        Plaintiff,<br><br>            v.<br><br>WARDEN GERALDINE COHEN, et al.,<br><br>        Defendants. | Civil No. 07-3589 (RMB/JS)<br><br>**OPINION** |

APPEARANCES:

Miguel Duran
      Pro Se Plaintiff

James T. Dugan
Atlantic County Department of Law
1333 Atlantic Avenue, 8th Floor
Atlantic City, NJ 08401
      Attorney for County Defendants

Joseph Goldberg
Weber, Gallagher, Simpson, Stapleton, Fire & Newby, LLP
2000 Market Street, 13th Floor
Philadelphia, PA 19103

Wendi D. Barish
Philadelphia Housing Authority
Office of General Counsel
12 S. 23rd Street, 6th Floor
Philadelphia, PA 19103
       Attorneys for Defendant CFG Health Systems, LLC

Colleen M. Ready
Ian Mark Sirota
Peter Cuddihy
Margolis Edelstein
100 Century Parkway, Suite 200
Mount Laurel, NJ 08054
       Attorneys for Defendant Aramark Correctional Services, LLC

1

**BUMB,** UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the "Motion to reopen, Motion to recuse, Motion to remove to another venue" (the "Motion to Reopen") filed by Plaintiff Miguel Duran (the "Plaintiff" or "Duran") [Docket No. 358], filed on December 22, 2015.  Defendants Warden Geraldine Cohen, Principal Clerk Yvonne Hickman, Captain James D. Murphy, Case Worker John Solog (the "County Defendants"), and Aramark Correctional Services, LLC ("Aramark") have filed oppositions to the motion [Docket Nos. 359, 360].  For the reasons set forth below, the Motion to Reopen will be denied.

I. **FACTUAL AND PROCEDURAL BACKGROUND**[1]

As this Court has previously noted, this case "has besieged the Court" with "its long and protracted history."  2/8/2013 Opinion [Docket No. 345].  Plaintiff commenced this action nine years ago, on August 1, 2007, as a pre-trial detainee at the Atlantic County Justice Facility ("ACJF"), alleging that the conditions of his confinement at ACJF violated his constitutional rights, that he was denied medical care, that his outgoing mail was interfered with in violation of his constitutional rights, and that he was impermissibly retaliated

---

[1] As the Court writes only for the parties, it assumes the reader's familiarity with the facts and recites only those relevant to the decision herein.

against for filing grievances against ACJF personnel. He asserted numerous claims under 42 U.S.C. § 1983 against individual defendants Warden Gary Merline,[2] Murphy, Hickman, Solog, Aramark, and CFG Health Systems LLC ("CFG"). All defendants moved for summary judgment [Docket Nos. 266, 267, 275]. CFG's motion for summary judgment [Docket No. 266] was denied in its entirety. Aramark's motion for summary judgment [Docket No. 267] was granted in its entirety and Aramark was dismissed from this action on February 8, 2013. 2/8/2013 Order [Docket No. 346]. All claims against two of the County Defendants, Hickman and Solog, were also dismissed and these individuals defendants were terminated from this action. Id. Defendant Merline's successor as ACJF warden, Geraldine Cohen, was automatically substituted as a party in this action. See id.; 2/12/2013 Letter [Docket No. 347].

A settlement conference was held before Magistrate Judge Joel Schneider on May 10, 2013, at which Duran, counsel for the remaining County Defendants, and counsel for CFG appeared. 5/10/2013 Minutes [Docket No. 356]. The parties reached a settlement of all remaining claims, resolving the action in its entirety, and the Court issued an Order of Dismissal on May 13,

---

[2] Merline has long since retired from his position as warden of the ACJF. As of February 2013, the warden of the ACJF is Defendant Geraldine Cohen, who has been substituted as a party in this action in her official capacity as warden.

3

2013, which dismissed the action as settled "without costs and without prejudice to the right, upon motion and good cause shown, within 60 days, to reopen this action if the settlement is not consummated." [Docket No. 357].  No party moved to reopen the action within sixty days.  In fact, nothing was submitted to the Court in this action for over two years and seven months.  On December 22, 2015, the Court received and filed Plaintiff's Motion to Reopen [Docket No. 358].

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, release or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Motions based upon subsections (1), (2), and (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."  Id.

4

Plaintiff purports to bring the Motion to Reopen under Rule 60(b)(6).  See Motion at 1 [Docket No. 358].  "Relief under Rule 60(b)(6) is appropriate 'only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'"  Crawford v. United States, 611 F. App'x 47, 49 (3d Cir. 2015) (quoting Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014)).  "But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices."  Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).  Additionally, "[r]elief under Rule 60(b)(6) is only available where the other subsections of Rule 60(b) do not apply."  Williams v. City of Erie Police Dep't, 639 F. App'x 895, 895 (3d Cir. 2016) (citing Medunic v. Lederer, 533 F.2d 891, 893 (3d Cir. 1976)); accord Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975) ("Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented.  Rule 60(b)(6) is available . . . only when the relief sought is based upon 'any other reason' than a reason which would warrant relief under 60(b)(1-5).").

Plaintiff's motion is generally incoherent and it is unclear upon what basis Plaintiff seeks to reopen this action, which was dismissed in May 2013, over two and one half years prior to Plaintiff's motion being filed.  The Motion to Reopen is largely styled as one seeking relief under Rule 60(b)(6).

This Court, however, cognizant of its obligation to liberally construe the pleadings of pro se litigants, Erickson v. Pardus, 551 U.S. 89, 94 (2007), will also consider the viability of the Motion to Reopen under the other subsections of Rule 60(b), as appropriate.

Although Plaintiff explicitly seeks relief under Rule 60(b)(6), Plaintiff also claims that he was "surprised" to learn that "the harm to their [sic] property is more severe than originally believed." Motion at 38 ¶ 25-26. For this reason, Plaintiff also argues that relief is appropriate under Rule 60(b)(1). Plaintiff next appears to contend that relief under Rule 60(b)(2) is also appropriate because of newly discovered evidence. The Court is unable to surmise from Duran's disparate statements regarding his medical conditions and the treatment of "Michele L Baxter", among others, what newly discovered evidence Plaintiff is referencing. See id. at 39-40. Plaintiff also complains of alleged discovery violations, which appear to be related to Civil Action No. 07-5994 before the Honorable Chief Judge Jerome Simandle. See, e.g., id. at 41, 43. Next, Plaintiff states that the attorneys in yet another case, Civil Action No. 14-4125, committed fraud and that a purported settlement in that action was "[c]oerced in bad faith" and involved "intolerable conflicts of interest." Id. at 50. For these reasons, Plaintiff claims that "the settlement itself [was

6

rendered] void *ab initio*." Id. at 51 (referring to defendants and purported settlement involved in Civil Action No. 14-4125).[3] Plaintiff also references an April 2014 settlement, which he claims was "involuntary" and "made in bad faith." See Motion at 26 ¶ 132. The Court notes, however, that the settlement in this action occurred in May 2013. The Court presumes that Plaintiff is referring to a settlement in a yet another action, given his statements regarding judges and attorneys not relevant to this matter. See id. at 27 ¶¶ 132-35, 138.

Regardless of the grounds underlying Duran's Rule 60(b) motion to set aside the Court's Order of Dismissal [Docket No. 357], dated May 13, 2013, dismissing the matter as settled, it is untimely.[4] To the extent that it is premised upon some "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or "fraud, misrepresentation, or

---

[3] The Court notes that, to the best of its knowledge, no settlement was ever reached in Civil Action 14-4125. In fact, no defendants were ever served in that matter and no attorneys entered an appearance in the action on behalf of any party.

[4] The Court is well aware that the Plaintiff is proceeding pro se in this action. His pro se status, however, does not excuse him from compliance with the Federal Rules. See, e.g., Jones v. Sec'y Pennsylvania Dep't of Corr., 589 F. App'x 591, 593 (3d Cir. 2014) ("Although we liberally construe pro se filings, Jones is not exempt from procedural rules or the consequences of failing to comply with them.") (citing McNeil v. United States, 508 U.S. 106, 113 (1993)); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (noting that pro se litigant's "ignorance of the rules would not provide good cause to excuse his failure" to comply with timeliness requirements set forth in Federal Rules of Civil Procedure).

7

misconduct by an opposing party," such a motion must have been filed within a year after the entry of the Order of Dismissal. Fed. R. Civ. P. 60(b)(1)-(3), (c)(1); see also Cardona v. Lewisburg, 600 F. App'x 821, 822 (3d Cir. 2015) (affirming district court's denial of Rule 60(b)(2) motion as untimely where motion was filed almost three years after district court's judgment). To the extent that Plaintiff claims that the judgment is void under Rule 60(b)(4) or that he is entitled to the extraordinary relief provided under Rule 6(b)(6), the motion must have been made within a "reasonable time." Fed. R. Civ. P. 60(c)(1).

Over two years and seven months have passed between the dismissal of this action as settled on May 13, 2013 [Docket No. 357] and the filing of Plaintiff's Motion to Reopen on December 22, 2013 [Docket No. 358]. Given the passage of this lengthy period of time, the Court finds that Plaintiff did not file his motion within a reasonable time as required by Rule 60(c). See, e.g., Williams, 639 F. App'x at 895 (affirming district court's determination that motion to reopen filed seventeen months after judgment was not filed within a reasonable time); Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion brought "almost two years" after district court's judgment was not "made within a reasonable time").

8

Additionally, Plaintiff failed to put forth any "extraordinary circumstances" warranting relief under Rule 60(b)(6).  Crawford, 611 F. App'x at 49 (affirming denial of motion to reopen under Rule 60(b)(6) because plaintiff presented no "extraordinary circumstances" entitling him to relief).  Furthermore, Duran seeks relief from this Court's Order dismissing the matter as settled, an order that quite clearly resulted from his own deliberate choice to settle his claims.[5]  As the Third Circuit has found, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices."  Budget Blinds, 536 F.3d at 255 (emphasis added); see also United States v. Zoebisch, 2013 WL 5719246, at *2 (D.N.J. Oct. 18, 2013), aff'd, 586 F. App'x 852 (3d Cir. 2014) (denying defendant's motion to

---

[5] Indeed, the language of the settlement agreement in this matter supports the Court's conclusion.  It reads, in relevant part, as follows:

> By executing this Settlement Agreement and General Release and Covenant Not to Sue, Miguel Duran acknowledges that:
> (a)  He has read it;
> (b)  He understands it and knows he is giving up important rights;
> (c)  He agrees with everything in it; . . .
> (e)  This Settlement Agreement and General Release and Covenant Not to Sue was negotiated with his knowledge and consent; . . .
> (g)  He has signed this Settlement Agreement and General Release and Covenant Not to Sue knowingly and voluntarily.

County Defendants' Opposition, Ex. A at 5 [Docket No. 39-1].

9

reopen based on his "'buyer's remorse' as to the terms of the Settlement Agreement into which he voluntarily and clearly stated his intention to enter"). Even if Duran's Rule 60(b)(6) motion had been filed within a reasonable time, which it was not, it presents no extraordinary circumstances warranting relief under Rule 60(b)(6) and must be denied.

For these reasons, Plaintiff's Motion to Reopen shall be denied. As the Court denies Plaintiff's Motion to Reopen, it does not reach Duran's professed motions to recuse or remove this matter to another venue.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reopen is denied. An appropriate Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2016